IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIEF MICHAEL S. OWL FEATHER-GORBEY, | : | Civil No. 3:18-cv-20 |
| | : | |
| | : | (Judge Mariani) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL FRAZIER, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Chief Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate incarcerated at the United States Penitentiary at Canaan, in Waymart, Pennsylvania ("USP-Canaan"), initiated this *Bivens*[1] action, seeking to proceed *in forma pauperis*. (Docs. 1, 6, 10). Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).

Review of the complaint has been undertaken and, as set forth in detail below, Gorbey has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. Accordingly, the applications to proceed *in forma pauperis* will be denied, and this

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

action will be stayed pending receipt of the full filing fee.

I.   **Allegations of the Complaint**

Gorbey alleges that he is subjected to "subhuman conditions" at USP-Canaan. (Doc. 1-1, p. 6). He asserts that fumes and lint travel through the air vents, causing flu-like symptoms. (*Id.*). He claims that his cell is often cold and he is only provided with one sheet and one blanket, and he is only provided one jumpsuit that is not regularly washed. (Doc. 1-1, p. 6). Additionally, Gorbey expresses dissatisfaction with the amount of writing paper and pencils that are provided by prison officials. (*Id.* at p. 10).

Gorbey acknowledges that he has not exhausted the available administrative remedies with respect to the claims in the instant complaint. (*Id.* at p. 4).

For relief, Gorbey requests transfer to a different facility and $250,000 cash. (*Id.* at p. 10).

II.   **Discussion**

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Gorbey has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a

viable claim. *See Gorbey v. District of Columbia, et al.*, Civil No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey was barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)); *Gorbey v. Federal Bureau of Prisons, et al.*, Civil No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous strikes incurred by Gorbey). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313.

In the present matter, Gorbey's claim of imminent danger fails. Gorbey objects to the "bogus" three strikes rule created by the courts. (Doc. 10, p. 1). He asserts that he is

3

subjected to "subhuman conditions" because there are fumes and lint in his cell, he is only provided one sheet and one blanket, and he is only provided one jumpsuit that is not regularly washed. (Doc. 1-1, p. 6). Furthermore, Gorbey claims that simply placing him in a high security facility is a threat to his safety due to his unelaborated reputation. (*Id.* at p. 7). The Court finds that these allegations simply do not rise to the level of a serious physical injury, or threat of serious physical injury. 28 U.S.C. § 1915(g). Gorbey's claim that his mere placement in a high security facility may subject him to physical injury is vague and too speculative to be considered imminent. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015), ("[C]ourts ... deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.") (citation omitted). An inmate claiming that he is in imminent danger of serious physical harm must "make specific [and] credible allegations to that effect." *Ball*, 726 F.3d at 470 (citation omitted).

Upon thorough review of the filings in the instant action, the Court determines that Gorbey was not under imminent danger of serious physical injury when he signed and filed his complaint. Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*. *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by

repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

If Gorbey wishes to pursue the claims in this action, he must pay the filing fee in full. Accordingly, Gorbey will be granted thirty (30) days from the date of the accompanying Order to pay the full filing fee of $400.00. Failure to pay the full fee within the time stated will result in dismissal of the complaint.

A separate Order shall issue.

Date: April __11__, 2018

Robert D. Mariani
United States District Judge